UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TARON JOSE MACK, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:16-CV-1396-CEJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

## **MEMORANDUM**

This matter is before the Court on the motion of Taron Jose Mack to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Movant's sole claim is that he is entitled to relief under the decision of the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

In *Johnson*, the Court held that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony."

Movant pled guilty to possessing heroin with intent to distribute, in violation of 21 U.S.C. §841(a)(1) and possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c). Although he had prior convictions, he was not sentenced as an armed career criminal. Therefore, the holding in *Johnson* does not apply in this case and movant is not entitled to relief.

The Court finds that movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

A separate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of June, 2017.